UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEFFERY GREENE,

    Petitioner,

v.                                        Case No. 4:07cv401-AW-HTC

JAMES MCDONOUGH,

    Respondent.
_____/

REPORT AND RECOMMENDATION

This case is before the Court on Petitioner's "Motion to Reopen Petition Pur[suant] To Rule (1.540(A)(B)(3) Relief from Judgment)", docketed on April 15, 2022. ECF Doc. 76.[1] The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.3. The undersigned construes the motion as one falling under Federal Rule 60(b), for relief from judgment, and for the reasons set forth below, recommends the motion be denied.

I.    BACKGROUND

Greene was convicted in Leon County on December 17, 2004, of knowingly infecting people with HIV and sentenced to 30 years. ECF Doc. 1 at 1-2. In 2007, he filed a habeas petition raising six claims of ineffective assistance of trial counsel and four due process claims. *Id.* After the State filed a response, ECF Doc. 26,

---

[1] ECF Doc. 77 contains a duplicate of the motion at ECF Doc. 76.

Judge Mickle denied the petition with prejudice and denied a certificate of appealability ("COA"), on August 6, 2010. ECF Doc. 51. The Eleventh Circuit denied a COA and dismissed the appeal in 2011. ECF Doc. 69. Nothing happened for over 10 years until Greene filed a letter on September 27, 2021, seeking information from the clerk, ECF Doc. 71, which the Court denied in ECF Doc. 74. Now pending is Petitioner's April 15, 2022 motion to reopen the petition, ECF Doc. 76.

## II. ANALYSIS

Petitioner's motion is due to be denied for several reasons. First, Petitioner failed to serve Respondent with a copy of the motion. When Petitioner filed this case, he was sent a Notice to Pro Se Litigant which instructed as follows:

> Pursuant to Rule 5 of the Federal Rules of Civil Procedure, you must send a copy of all future pleadings to the attorney(s) for the opposing parties and indicate in writing at the end of each pleading that you have sent the copies to the attorney(s). This is called a certificate of service, and an example is included in the sample form on the reverse side. Do not mail the opposing parties' copies of the pleadings to the Clerk because we cannot mail them to the opposing parties for you. You are responsible for mailing the copies directly to the opposing parties or their attorneys.

ECF Doc. 3. "Courts have held that a party's failure to properly serve a motion or other paper on counsel for another party serves as a basis to deny the motion." *Williams v. Wiggins*, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010) (citing *Pimentel v. Deboo*, 411 F.Supp.2d 118, 124 (D. Conn. 2006)).

Second, the motion is a 119-page indecipherable hodgepodge of attachments and exhibits that does not provide a basis on which the court would have authority to reopen the case. Petitioner cites only Florida Rules of Procedure in his introduction, not federal law or rules. While he appears to claim "misconduct of an adverse party", "malicious prosecution" and a "fraudulent conviction", he does not explain the basis of any of those claims.

Third, the motion is untimely. Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Although Petitioner's claims are impossible to decipher, he does appear to be attempting to apply Rule 60(b)(3): "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Rule 60(c) requires such a motion to be filed within one year. The instant motion is over a decade too late. Even if Petitioner attempted to rely on other parts of Rule 60(b) which do not have the one-year limitation, Petitioner does not show how his motion – filed more than a decade after his petition was denied – was "made within a reasonable time."

Accordingly, it is respectfully RECOMMENDED that the motion to reopen the petition, ECF Doc. 76, be DENIED.

At Pensacola, Florida, this 10th day of May, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:07cv401-AW-HTC